IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Johanna R. Jones, | ) | C/A No.: 8:03-3959-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Johanna R. Jones, brought this action pursuant to §§ 205(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security that she was not entitled to supplemental security income ("SSI") benefits.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

Cir. 1972).  As noted by Judge Soberoff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this

it does not follow, however, that the findings of the administrative agency are to be mechanically

accepted.  The statutorily granted right of review contemplates more than an uncritical rubber

stamping of the administrative action." *Id*. at 279.  "[T]he courts must not abdicate their responsibility

to give careful scrutiny to the whole record to assure that there is a sound foundation for the

[Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## Administrative Proceedings

The Plaintiff filed her application for SSI on April 30, 2001.  She alleges disability since July

14, 1999.  Her application was denied initially and on reconsideration.  The plaintiff requested a

hearing, which was held on September 4, 2002.  The administrative law judge ("ALJ") considered the

case *de novo* and, on December 26, 2002, determined that the plaintiff was not entitled to benefits.

The determination became the final decision of the Commissioner when it was adopted by the Appeals

Council on October 10, 2003.  The plaintiff then filed this action for judicial review.

The ALJ made the following findings in this case:

1.   The claimant filed her Title XVI Supplemental Social Security Income application on April 30, 2001.

2.   The claimant has not engaged in substantial gainful activity after her alleged onset date of disability, July 14, 1999.

3.   The medical evidence establishes that the claimant's carpal tunnel syndrome, right elbow incision, wrist pain, status post small vessel type stroke, and high blood pressure are severe impairments.  Although this is a "severe" impairment, she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 16.

4.   The claimant's subjective complaints are not consistent with the medical evidence and are not

2

fully credible, considering both medical and "other" evidence.

5.    The claimant has the residual functional capacity to perform medium work (20 CFR 416.967(c)).

6.    The claimant is unable to return to her past relevant work.

7.    The claimant is considered to be a younger individual (20 CFR 416.963).

8.    The claimant has a high school education (20 CFR 416.964).

9.    The claimant has transferable skills (20 CFR 416.968).

10.   Given the claimant's residual functional capacity, and other vocational factors, vocational rule 203.30 of the Medical-Vocational Guidelines (Appendix 2) is used as a framework for finding the claimant "not disabled." The vocational expert testified that there are jobs in the economy that she could perform.

11.   The claimant has not been under a "disability," as defined in the Social Security Act and Regulations.

## Facts

The plaintiff was thirty-seven (37) years old on the alleged date of onset of disability. She alleges disability commencing July 14, 1999, due to bilaterial carpal tunnel syndrome, back pain, diabetes, reflux, obesity sleep problems, knee pain, nerves, and residual effects of a stroke. Plaintiff has a twelfth-grade education and past relevant work experience as a cook, corrections officer, security worker, dietary aide, nanny, machine operator, and sheet metal worker.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States Magistrate Judge Bruce H. Hendricks. On February 15, 2005, Magistrate Judge Hendricks filed a Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be affirmed. The plaintiff timely filed objections to the Report on February 28, 2005.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the plaintiff is not entitled to SSI benefits.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In her objections to the Report, the plaintiff alleges: (1) the Commissioner erred in determining that Ms. Jones retained the Residual Functional Capacity to Engage in Medium Work; (2) the Commissioner erred in determining that Ms. Jones failed to show functional loss due to her disabling headaches and sleep apnea; and (3) the Commissioner failed to appropriately consider the opinion of the vocational expert as supported by the substantial evidence in the record.

The plaintiff argues that the Magistrate Judge erred in recommending that the ALJ's determination that the plaintiff retains the residual functional capacity ("RFC") for medium work is supported by substantial evidence. The plaintiff states: "This conclusion is not based upon the record as a whole and fails to account for the reflex sympathetic dystrophy Plaintiff developed in her right extremity following surgery to correct her severe carpal tunnel syndrome." (Objections p. 2) Plaintiff alleges that, although her carpal tunnel syndrome in her right hand improved after surgery, she developed "swelling in her hand and wrist stiffness in her fingers, temperature complaints and

4

sensitivity to touch." (Objections p. 2)

This Court's obligation is to review the ALJ's decision to determine whether or not it is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, but less than a preponderance. *Thomas*, 331 F.2d at 543. This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). This Court must uphold the Commissioner's decision, even it disagrees with such the decision, as long as it is supported by substantial evidence. *Blalock*, 483 F.2d at 775.

The evidence indicates plaintiff suffers from multiple limitations from a combination of medical conditions. The medical evidence in the record indicates that she suffers from sleep apnea, bilateral carpal tunnel syndrome, severe headaches, and reflex sympathetic dystrophy ("RSD") of her right upper extremity. Plaintiff argues that while these impairments have not been found to meet or equal a listing, they each result in significant impairment causing limitations on her daily activities and functioning.

Ms. Jones has been diagnosed with sleep apnea. She initially utilized a "sleep machine" at night, but had to discontinue using it because it caused her to have anxiety attacks while trying to sleep. Additionally, the medicine Ms. Jones takes for her sleep apnea often affects her concentration and focus the next day, often making her "forgetful." The plaintiff's sleep difficulty is compounded by the fact that, at 5' 8" and weighing 290 pounds, her treating physician has assessed her as obese. Under the Regulations, "the combined effects of obesity with respiratory impairments can be greater than the effects of each of the impairments considered separately." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 3.00(H). The ALJ failed to take into account the effects of Ms. Jones' sleep

apnea on her daily functional ability or the limitations imposed by her sleep medication.

While the ALJ notes in his report that plaintiff has "reflex sympathetic dystrophy of the right upper extremity," he fails to acknowledge the extent of her loss of function in both hands. Although the plaintiff has undergone a carpal tunnel release in her right, she still experiences significant difficulty using both her right and left hands. Additionally, as supported by the records from the Center of Pain Management, plaintiff has been diagnosed with RSD in the right upper extremity for which she has received a series of nerve blocks and physical therapy. The plaintiff has been diagnosed with severe left carpal tunnel syndrome and has had numbness, tingling, and occasional muscle spasm in her left hand. These impairments have significantly affected every aspect of Ms. Jones' ability to use her hands for repetitive movements, simple grasping, and lifting or carrying.

The ALJ concluded that there are jobs existing in significant numbers in the national economy the plaintiff can perform. This conclusion was based on her being capable of lifting and carrying twenty-five (25) pounds frequently and performing medium work. This Court has failed to find any medical evidence to support the contention that the plaintiff can lift and carry twenty-five (25) pounds. To the contrary, the plaintiff's functional capacities with regard to lifting were determined by Columbia Rehabilitation Clinic physical therapist Tracy Hill, on August 28, 2000, to be:

| | |
|---|---|
| floor to knuckle | 7 pounds |
| 12 inch to knuckle | 7 pounds |
| knuckle to shoulder | 5 pounds |
| shoulder to overhead | 4 pounds |
| carry | 7 pounds |
| left handed carry | 6 pounds |
| right handed carry | 6 pounds |
| push/pull (R) hand | 0 pounds |
| push/pull (L) hand | 10 pounds |

(Tr. 293.) The ALJ's conclusion fails to take into account plaintiff's limitations due to the required

6

medications she takes daily and is not supported by any objective evidence in the record. The medical evidence indicates that the plaintiff suffers from bilateral carpal tunnel syndrome and has severe pain in her right and left hands, along with tingling and numbness in her fingers, that would impair her ability to lift or carry any objects and would preclude her from carrying twenty-five pounds frequently. The medical records further indicate that she has RSD of the right upper extremity that, despite receiving a series of nerve blocks and physical therapy, would prevent lifting and carrying with her right arm. The only evidence in the record to support the ALJ's decision that the plaintiff can perform medium work is the vocational analysis report dated August 15, 2001. However, it is unclear from this report what that recommendation was based on as this Court has failed to find sufficient medical evidence to support that contention.

Given the hypothetical which included "no repetitive fine dexterity gripping with the right dominant hand, and limited dexterity gripping with the left hand," the vocational expert testified that the plaintiff would be precluded from any type of medium or light work and that she would have limited ability to engage in sedentary work. (Tr. p. 73.) When further questioned regarding the additional impact of the drug Neurontin, which the plaintiff is required to take,[1] the vocational expert responded that she would be unable to engage in any type of substantial gainful activity in any functional capacity. (Tr. p. 76.)

Subjective complains of pain must be considered in evaluating disability. *Underwood v.*

---

[1] Ms. Jones testified that she is required to take Neurontin three (3) times a day, in the morning, afternoon, and evening, and that after taking it she is overcome by drowsiness and often lays down to rest, sometimes for as long as four (4) or five (5) hours. The medical evidence indicates that the plaintiff has been prescribed Neurontin for the last two (2) years and has continued to take the medication up to and through the date of the hearing. The VE stated that not only should a person taking medication "that . . . would . . . effectively put them to sleep and require them to rest or lay down for at least a period of two hours following taking the medication" not drive an automobile, but would preclude the ability to perform any of the jobs he had identified. (Tr. p. 76.)

*Ribicoff*, 298 F.2d 850 (4th Cir. 1962).  In *Mickles v. Shalala*, 29 F.3d 918 (4th Cir. 1994), the Fourth

Circuit set forth two requirements that ALJs should use to evaluate subjective complaints of pain.

First, the ALJ must find a connection between the claimant's subjective complaints and an objective

observation of a medical condition or procedure that could reasonably be believed to cause those

complaints.  Additionally, the ALJ must assess the claimant's credibility: "The only fair manner to

weigh a subjective complaint of pain is to examine how the pain affects the routine of life." *Id*. at 921.

The first requirement does not appear to be in dispute; the ALJ specifically found that "[t]he

medical evidence establishes that the claimant's carpal tunnel syndrome, right elbow incision, wrist

pain, status post small vessel type stroke, and high blood pressure are severe impairments." (Tr. p.

18.)  As to the second requirement, the only statement made by the ALJ as to the claimant's credibility

is that her "subjective complaints are not consistent with the medical evidence and are not fully

credible." (Tr. p. 18.)  The evidence in the record suggests that, contrary to what the ALJ determined,

the plaintiff's routines of life have been adversely affected.  At the hearing she testified that because

of the pain and limitation of motion in her hands and fingers she cannot do most housework,

yardwork, or other activities of daily life including opening cans, bottles and boxes.  Additionally, the

plaintiff's sister generally fixes her meals for her.  Ms. Jones has difficulty fixing her hair and

dressing--she cannot button her shirt or tie her shoes.  Due to her medication, Ms. Jones has difficulty

with her memory and concentration and does not do much outside of her home except going to church.

The ALJ ignored the plaintiff's testimony by finding it not credible when her testimony is clearly

supported by the medical evidence in the record.

The plaintiff's functional capacity evaluation ("FCE"), discussed briefly above, states that

plaintiff qualifies for "'sedentary' work with <u>very</u> limited use of her right upper extremity." (Tr. p.

8

296.) Plaintiff's VE, based on her review of the FCE and plaintiff's medical records, determined that "[g]iven the client's functional academic levels, education, work history, and current physical limitations, it is unlikely that she could obtain or maintain employment of any kind." (Tr. p. 124.) Additionally, as mentioned in footnote seven (7) above, the neutral VE testified that an individual who was required to rest or lay down after taking medication like plaintiff must do, would preclude her ability to do any job, even those considered sedentary.

Under 42 U.S.C. § 405(g): "The Court shall have power to enter, upon the pleadings and transcript of the record a judgment affirming, modifying, or reversing the Commissioner of Social Security with or without remanding the cause for a hearing." Reversal is appropriate when "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standing and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). In such a case, an adverse decision on remand could not "withstand judicial review," therefore, reversal is appropriate without the additional step of directing that the case be remanded to the Commissioner. *Id*.; *see also Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). It has been found by this Court that the ALJ's decision was not supported by substantial evidence. Additionally, this Court finds that reopening the record for additional evidence would serve no purpose.

### Conclusion

On the record before it, this Court must sustain plaintiff's objections and respectfully disagree with the Magistrate Judge's recommended disposition of this case. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court reverses the Commissioner's decision, finding that it is not supported by substantial evidence, and remands the

case to the Commissioner for an award of benefits.

**IT IS SO ORDERED**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 11, 2005
Florence, South Carolina